# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DISTRICT

ASHLEY AREAL LITTLE,

      Plaintiff,

vs.

Case No. 2:19-cv-

Hon.

SOUTHFIELD-GALLERIA OWNER LLC
d/b/a GALLERIA OFFICENTRE,
a Delaware corporation,

      Defendant.

_____/

DAVID F. ZUPPKE, PLC
David F. Zuppke (P31240)
Attorney for Plaintiff
25892 Woodward Ave.
Royal Oak, MI 48067
(248) 206-5900
(248) 542-6301 (fax)
david@zuppkelaw.com

_____/

*There is no other civil action between these parties arising out of
the same transaction or occurrence as alleged in this complaint pending
in this court, nor has any such action been previously filed
and dismissed or transferred after having been assigned to a judge.*

## COMPLAINT & JURY DEMAND

Plaintiff, Ashley Areal Little, complains as follows:

## The Parties

1.     Plaintiff, Ashley Areal Little ("LITTLE"), is a U.S. citizen domiciled

in Southfield, Michigan.

2.      Defendant, Southfield-Galleria Owner LLC ("GALLERIA"), is a Delaware limited liability company with its principal office located in New York.

3.      The underlying tort occurred at an office building owned by GALLERIA located at 100 Galleria Southfield, MI 48034.

**Jurisdiction and Venue**

4.      Jurisdiction in this Court is asserted pursuant to the diverse citizenship of the parties, 28 U.S.C. § 1332.

5.      The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**Nature of Action**

6.      This claim relates to a slip and fall incident that resulted from the negligence of GALLERIA.

**Background**

7.      On February 19, 2018, LITTLE was a business invitee of GALLERIA.

8.      She was employed by a GALLERIA tenant, AmeriHealth Caritas ("CARITAS"), a company that provides health care solutions for low-income and chronically ill individuals, and Medicaid and Medicare long term services, behavioral health, and pharmacy benefit services.

9.      After pulling into the GALLERIA parking lot to go to work, LITTLE parked her car in an area where there was no accumulated snow or visible ice.

2

10.    It was approximately sunrise when LITTLE stepped out of her car to walk towards and enter the GALLERIA building.

11.    It was not raining or snowing at the time.

12.    There were no open and obvious signs of ice or snow where Plaintiff walked.

13.    Yet, as she was walking, suddenly and without warning, LITTLE slipped and fell on black ice.

14.    It was only after she fell to the ground and touched the ground, that she became aware that she had slipped on an almost paper thin, nearly transparent, sheet of black ice that had formed in a small "depression" in the parking lot surface.

15.    There was no visible salt upon the surface of the parking lot or anywhere in LITTLE'S immediate vicinity.

16.    The ice was not visible on casual inspection before the fall, and there was no indicia of a potentially hazardous condition in LITTLE'S vicinity.

17.    After getting up, LITTLE carefully walked in to the building without further incident and immediately reported the incident to the GALLERIA employee on duty, Mary Wiley.

18.    LITTLE then called her husband to pick her up to transport and accompany her to a medical provider for treatment.

19.    Before doing so, at Ms. Wiley's request, LITTLE (with her husband

3

and a co-worker present), took Ms. Wiley to the exact spot where LITTLE fell to enable Ms. Wiley to inspect the area.

20.     On their way to the fall spot, Mary Wiley slipped on a different patch of invisible black ice.

21.     Unlike LITTLE, Ms. Wiley was able to gain balance and prevent herself from falling.

22.     LITTLE was informed by Ms. Wiley that her slip and fall incident was captured on an exterior surveillance camera.

23.     As a result of the fall, LITTLE sustained injuries and damages, including but not limited to neck, shoulder and spine injuries, pain and suffering, emotional distress and other non-economic damages, and economic damages for medical care and treatment and lost wages and/or earning capacity.

24.      Due to the significant time spent away from her employment due to her injuries, LITTLE was terminated from her employment.

## COUNT I - NEGLIGENCE

25.     GALLERIA owed various duties to LITTLE, including but not limited to:

    a. Maintain the premises, including the parking lot, in a safe and reasonable condition;

    b. Take reasonable steps for the prevention of injuries and to warn its

4

invitees of potential foreseeable dangers;

c.  To warn of the dangerous and hazardous condition that GALLERIA knew, or should have known, existed on the premises;

d.  To inspect and maintain the premises in a reasonably safe condition so as not to create a dangerous and hazardous condition for persons upon the premises;

e.  To hire, employ and supervise personnel, staff , and third party vendors to properly inspect and maintain the premises and not allow a dangerous and hazardous condition to remain on the parking lot;

f.  To exercise reasonable care in its service and maintenance activities to prevent or eliminate icy conditions from occurring by implementing timely and complete salting of the parking lot;

g.  To diligently and reasonably exercise reasonable care to prevent or eliminate dangerous or hazardous conditions to occur;

h.  To diligently and reasonably exercise reasonable care to ensure that third party vendors with responsibilities to keep Defendant's property salted and safe, do so;

i.  To properly train its employees and agents on how to inspect and maintain the premises to avoid dangerous icy conditions to occur and or remain for an unreasonable period of time; and

5

j.   Such other duties that are discovered throughout the course and scope
of this case.

26.   LITTLE'S injuries were the direct and proximate result of
GALLERIA'S breach of its duties and negligence.

27.   LITTLE sustained injuries.

28.   At the time LITTLE slipped and fell, she was alert and looking in front
of her.

29.   At the time LITTLE slipped, the black ice hazards were essentially
unavoidable because they weren't visible, open, or obvious, and LITTLE had no
choice but to park in the parking lot owned, operated, and maintained by
GALLERIA.

WHEREFORE, LITTLE seeks a judgement for compensatory damages in
excess of $75,000.00 plus costs, interest, and if applicable, attorney fees.

Respectfully submitted,

DAVID F. ZUPPKE, PLC

BY: */s/David F. Zuppke*
DAVID F. ZUPPKE (P31240)
Attorney for Plaintiff
25892 Woodward Avenue
Royal Oak, MI 48067
(248) 206-5900
(248) 542-6301
Dated:  March 20, 2019                    david@zuppkelaw.com

## <u>JURY DEMAND</u>

Plaintiff demands a trial by Jury.

Respectfully submitted,

DAVID F. ZUPPKE, PLC

BY: */s/David F. Zuppke*
DAVID F. ZUPPKE (P31240)
Attorney for Plaintiff
25892 Woodward Avenue
Royal Oak, MI 48067
(248) 206-5900
(248) 542-6301
Dated:  March 20, 2019                      david@zuppkelaw.com

7